FOURNET, Justice
 

 (concurring).
 

 A notary public who receives a will not only acts as a public official authorized to perform this serious and important duty but also acts as a witness to the will. In other words, this court has held that, where a nuncupative will by public act is invalid, because of want of proper form, the notary is considered as a’ witness, so as to give it effect as a nuncupative will by private act. In short, the notary public not only has the status of an 'official executing_ a will in the form of an authentic act, which
 
 *811
 
 under the law proves itself, but, having been present and signed the will, he is also considered as a witness to it. The two qualities are inherent in him and cannot be separated. Since he was present when the will was executed and signed it, he does everything that the law requires of an ordinary witness. He therefore appears in a dual capacity — as a public official discharging his duty and as a witness to the testament:
 

 A testator, who wishes to make a will, consults with a notary public for the purpose of being advised and directed as to how to make a valid will. It is obvious that, if he is permitted to name himself as a legatee in the will, his interest immediately places him in a position where he is not free from partiality. His interest might well be adverse to that of a testator under such circumstances. While it is true that a notary public, under the law, must write down the will as it is dictated by the testator, he certainly cannot perform that serious and responsible duty with the same freedom from prejudice to the interest of the testator and the other legatees as if he had no adverse interest. It may be that, in a most technical sense, he is not a party to the instrument, in that the law gives the testator the right to control the dictation of his will as well as its revocation. But under the law the notary can suggest the verbiage to his uninformed client. The mere statement of the proposition shows that such a practice would open the door for imposition, deception, and fraud. The lawmaker never contemplated' that a notary who writes the will for his client would have the capacity to be a legatee therein, whereas a witness, who merely sits by and observes the making of the will and signs it, is denied that capacity, because the law seeks to guarantee to the testator absolute freedom in the disposition of his property, except as to forced heirs. The old Biblical expression to the effect that one cannot serve two masters is apropos. It would not only be bad practice but unwise public policy to permit a notary public to do what was attempted in this case, i. e., to be the officer officiating, possessing the qualities of a witness, and the universal legatee under the will.
 

 For the above reasons I concur in the decree affirming the judgment of the lower court.